HAWKINS & CO. v. PARHAM & DUNN.

On the 8th of May, 1873, S executed a deed to P & D, whereby, in consideration of supplies furnished, he agreed to deliver to them 8,000 lbs. of lint cotton, to secure the amount of $1200, and gave a lien with a power of sale, on the crops raised on his land; this deed was registered Oct. 10th, 1873. On the same day, but by a different instrument, which was never registered, S agreed to deliver to the said P & D, before the 1st of December, 1873, 8,000 lbs. of cotton, and they agreed to pay him 15 cents per pound therefor; and on the 23rd of June, 1873, the said S executed to H & Co., a deed, reciting therein that they had advanced to him $909.80, to enable him to cultivate certain lands belonging to his children during that year, and giving him a lien on said crops after paying to the said P & D, $900. This deed was registered July 1st, 1873. S delivered to P & D the 8,000 lbs. of cotton raised on his children's land, which they sold for $1800; at the date of the deed to P & D, S owed them $900: HELD, (1.) that evidence tending to show that the advances mentioned in the deed of June 23rd, 1873, had in fact been made in 1870, was immaterial; for although the deed might not create a valid agricultural lien, yet it was good at common law to create a lien upon a crop then growing, and the court would presume that the crop was growing on the said 23d of June. (2.) That the excess of the sum, ($1800,) for which P & D sold the 8,000 lbs. of cotton, over the sum ($900) which S owed them, passed to H & Co., to the extent of the debt due them by S, and not merely the excess of the price, ($1200) which S was to receive for the cotton.

CIVIL ACTION, tried before his Honor, Judge WATTS and a jury, at Fall Term, 1875, of WARREN Superior Court.

The necessary facts to an understanding of the case as decided, are stated in the opinion of the Court.

There was a verdict and judgment in favor of the plaintiffs, and the defendants appealed.

*Batchelor & Son* and *Edwards,* for the plaintiffs.
*W. H. Young,* contra.

RODMAN, J. On the 8th of May, 1873, Swain executed a deed to defendants, whereby in consideration of supplies

purchased, he agreed to deliver to defendants 8,000 pounds of lint cotton to cover the amount of $1,200, and made a lien on his crops to be raised on his lands, and gave a power of seizure and sale on failure to deliver. This deed was registered on 10th of October, 1873. On the same day, but by a separate writing, he (Swain) agreed to deliver to defendants 8,000 pounds of cotton before the 1st of December, 1873, and they agreed to pay him 15 cents per pound for it. This writing was never registered.

On the 23d of June, 1873, Swain executed a deed to plaintiffs which recited that plaintiffs had advanced to him $909.80 to enable him to cultivate certain lands belonging to his children for that year, and gave to plaintiffs a lien on all his crops made on said lands during said year, after paying to defendants $900.00, and Swain therein agreed to deliver said crop of cotton to the R. & G. R. R. Co., consigned to plaintiffs at Baltimore, on or before the 1st of November, 1873. This deed was registered 1st of July, 1873.

In pursuance of his contract with defendants, Swain did, in the Fall of 1873, deliver to defendants 8,000 pounds of cotton raised on his children's lands, the value of which at 15 cents per pound would be $1,200, but defendants sold it for $1,800.

At the date of the deed to the defendants, Swain owed them $900, and it does not appear that they made him any further advances.

Defendants offered to prove that the advances mentioned in the deed to plaintiffs of 23d of June, 1873, had been in fact made in 1870 and 1871.

The Judge rejected the evidence. We concur with the Judge that it was immaterial, for although the deed might perhaps not be good to create an agricultural lien under the Act, on a crop not planted, yet it was good at common law to create a lien upon a crop then growing, as we must assume the crop conveyed was on 23rd June. *Petch* v. *Tutim,*

40 M. & W., 110 ; *Lunn* v. *Thornton*, 1 C. B., 379 ; Notes to *Ryall* v. *Vowles*, 2 L. C. E'q., 218–236.

It appeared at the trial that Swain, prior thereto, had paid the plaintiffs all of his debt to them except $375, which with interest from January 1st, 1875, he still owed.

The plaintiffs claimed that the *excess of the sum* ($1,800) *for which defendants sold the* 8,000 *pounds of cotton* over the $900, which Swain owed the defendants, passed to them (the plaintiffs) to the extent of Swain's debt, to them and not merely the excess *of the price to which Swain was to receive* for the cotton ($1,200.) The Judge was of opinion with the plaintiffs, and gave judgment accordingly, from which the de-, fendants appealed.

This we conceive to be the only question fairly presented upon the facts.

To determine it, we must ascertain what estate in the cotton the defendant acquired by Swain's contract with them on May 8th. Undoubtedly as between them and Swain they acquired an estate in the cotton at the price of 15 cents per pound, as a security for the $900 owing to them, and on payment of the residue of the price, their estate in the cotton was absolute. And it would have been so as to all the world if their contract (embracing both writings of the same date,) had been registered on the same day. But the mort-gage was not registered until October 10th, and it took effect as to creditors and purchasers from Swain only from that day, before which the plaintiffs had acquired their rights and estate.

If we consider both writings of May 8th as forming a single contract, both were void as to the plaintiffs for want of registration, and the plaintiff's title to the cotton was valid and complete at law, although subject to an equity to pay defendants $900, and to certain equities to Swain which need not be noticed. The defendants, however, contend that the writings of May 8th were two distinct contracts, and that

although the mortgage might be void for want of registration, the other writing was an executed contract of sale which required no registration, and passed the property in the cotton to them from its date. If the writing in which the price of the cotton is agreed on was a contract of sale, a question of some interest might arise as to its effect. But we think this writing is clearly executory. No cotton is particularly described in it, and it might be satisfied by the delivery by Swain of any cotton, wherever raised.

It follows, then, that as the plaintiffs were entitled to the cotton in specie, subject to the equity of the defendants above mentioned, they may waive the tort, and claim the value of the cotton in the hands of the defendant to the extent of the debt in excess of the $900, and are not confined to the excess over the price which defendants were to pay. We consider the case as meaning that the value of the cotton, when it should have been delivered to the plaintiffs, was $1,800.

By force of the registration law, the deed to defendants must be considered as having been made on October 10th, the day of its registration, and consequently with notice of the deed to plaintiffs which was registered on July 1st. Defendants, as between them and the plaintiffs, are not entitled to retain their $900 by virtue of their deed of May 8th, but by virtue of its appropriation to them in the deed of the 23rd of June.

There is no error in the judgment below, and it is affirmed.

PER CURIAM.                    Judgment accordingly.